Kate S. O'Scannlain, Solicitor of Labor
Connie M. Ackermann, Acting Regional Solicitor
John Rainwater, Associate Regional Solicitor
Lydia Tzagoloff, Counsel for Wage and Hour Division (NY 2631299)
and Special Assistant United States Attorney
1244 Speer Boulevard, Suite 515
Denver, CO  80204
Tel: (303) 844-1748 direct
Fax: (303) 844-1753
Email:tzagoloff.lydia@dol.gov
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        PLAINTIFF,<br>v.<br><br>BEANTOWN PAINTING, INC., a Utah Corporation, and NANCY NORCROSS, an individual,<br><br><br>        DEFENDANTS. | CASE NO.  2:19-cv-00353-BSJ<br><br><br><br>**COMPLAINT** |

R. Alexander Acosta, Secretary of Labor for the United States Department of Labor (Secretary), brings this action to enjoin Defendants Beantown Painting, Inc. (Beantown) and Nancy Norcross from violating the provisions of sections 7, 11, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (FLSA), and to restrain Defendants from withholding payment of overtime compensation and liquidated damages owed under the FLSA to employees who are named in the attached Exhibit A, for the period of time

1

between March 25, 2016, to March 22, 2018,[1] and up to the date of judgment, together with an equal additional amount as liquidated damages. In support thereof, the Secretary states as follows:

## THE PARTIES

1. The Secretary is authorized to enforce the provisions of the FLSA, and to recover back wages, liquidated damages, and to seek injunctive relief on behalf of employees employed in violation of the FLSA's overtime and record keeping provisions. 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(5), 216(c), and 217.

2. Beantown is a Utah corporation with its principal place of business in Park City, Utah, and at all relevant times herein, has been engaged in business in Utah providing exterior and interior painting, custom wood finishes, and staining services for residential projects

3. Defendant Nancy Norcross, an individual, resides in Park City, Utah, within the jurisdiction of this Court, and at all times hereinafter mentioned was Beantown's owner and registered agent and acted directly or indirectly in the interest of Beantown in relation to its employees by making hiring and firing determinations, setting pay rates, and generally exerting day-to-day operational and managerial control. Nancy Norcross suffers or permits employees to work and is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217, and by 28 U.S.C. § 1331 (federal question) and § 1345 (United States as Plaintiff).

---

[1] The parties entered into a tolling agreement, preserving the investigation period. Plaintiff provided notice and filed his complaint pursuant to the terms of the tolling agreement.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the subject events or omissions occurred, and Defendant Beantown has its principal office and is headquartered in this Judicial District and Nancy Norcross resides within the jurisdiction of this Court.

## FLSA STATUTORY COVERAGE

6. At all relevant times herein, Defendants have been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that the activities of Defendants have constituted related activities performed through unified operation or common control for a common business purpose.

7. The enterprise referenced in Paragraph 6 has and, at all relevant times herein, has had: (a) employees engaged in commerce or in the production of goods for commerce, or in the handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; (b) an annual gross volume of sales made or business done of not less than $500,000; and (c) constitutes "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

## ALLEGATIONS RELATING TO FLSA VIOLATIONS

8. Defendants have violated, and may still be violating, sections 7 and 15(a)(2) of the FLSA by employing their nonexempt employees in an enterprise engaged in commerce or in the production of goods for commerce, since at least March 2016, without compensating the employees overtime wages for their employment in excess of forty (40) hours in such workweeks. Specifically, Defendants violated the FLSA's overtime provisions by improperly paying only "straight time"—i.e., the regular hourly rate—for hours worked in excess of forty (40) in a work week, resulting in a failure to pay the correct overtime rate of time-and-a-half the regular hourly

rate. As a result, Defendants owe the additional half time to employees who worked overtime hours.

9. Defendants, employers subject to the provisions of the FLSA, violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve accurate records of employees and the wages, hours and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to record accurately the correct rate of pay for nonexempt employees in pay periods in which hours were worked in excess of forty (40) in a workweek.

10. As a result of the violations alleged above, amounts are owing from Defendants to the employees named on Exhibit A (attached hereto and incorporated herein) for the period from March 25, 2016, to March 22, 2018; plus an additional amount as liquidated damages that is equal to the amount of overtime compensation that is due under the FLSA, as specifically authorized by section 16(b) of the Act, 29 U.S.C. § 216(b).

11. Inasmuch as the violations alleged herein have continued and/or are continuing after March 22, 2018, up to the date of judgment, additional amounts are accruing for employees on Exhibit A and/or employees who are not presently known to the Secretary in amounts presently unknown.

12. A judgment permanently enjoining and restraining the violations alleged herein, including restraint of the continued withholding of compensation found to be due the employees as claimed herein is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, its officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an order pursuant to section 16(c) of the FLSA finding Defendants liable for unpaid overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed on Exhibit A, and for additional compensation and liquidated damages that may be owed to employees presently unknown to the Secretary for the period covered by this complaint;

3. In the event liquidated damages are not awarded, for an order pursuant to section 17 of the FLSA enjoining and restraining Defendants from withholding payment of unpaid overtime compensation found due Defendants' employees listed on Exhibit A, and for additional compensation that may be owed to employees presently unknown to the Secretary for the period covered by this complaint, and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C § 6621;

4. A monetary award to the Secretary for the costs of this action; and

5. For such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        Kate S. O'Scannlain, Solicitor of Labor
        Connie M. Ackermann, Acting Regional Solicitor
        John Rainwater, Associate Regional Solicitor


        /s Lydia Tzagoloff
        Lydia Tzagoloff
        Counsel for Wage and Hour
        U.S. Department of Labor
        Office of the Solicitor

        1244 Speer Boulevard, Suite 515
Denver, CO  80204-3516
(303) 844-1748
(303) 844-1753 Facsimile
tzagoloff.lydia@dol.gov